IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC GLIME, <br><br> Plaintiff, <br><br> v. <br><br> SUSQUEHANNA VALLEY PRE-OWNED SALES & SERVICE, et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 21-2257-KSM |

## MEMORANDUM

**MARSTON, J.**                                                              **August 31, 2021**

Plaintiff Eric Glime brings this action against Defendants Susquehanna Valley Pre-Owned Sales & Service ("SVPOSS") and Justin Valentine arguing Defendants violated federal and state laws when they sold him a pickup truck with a tampered odometer and provided him a fraudulent title. Plaintiff brings claims against Defendants for violation of the federal Odometer Act, Title 49, United States Code, Section 32710(a) (Count One), breach of contract (Count Two), and violation of the Unfair Trade Practices Consumer Protection Act (Count Three). (*See generally* Doc. No. 1.) Plaintiff also brings a common law fraud claim against Defendant Valentine. (*Id.* at 10.) Presently before the Court is Defendants' Uncontested Motion for Change of Venue Pursuant to 28 U.S.C. §§ 1404 and 1406(a). (Doc. No. 4.) This Motion asks that we transfer this case to the Middle District of Pennsylvania.

Without addressing the merits of Plaintiff's claims, the Court finds that transfer to the Middle District of Pennsylvania is appropriate in this case.

I.

Although the parties have stipulated to a transfer of venue to the Middle District of Pennsylvania, the Court must independently evaluate whether transfer is appropriate. *See White v. ABCO Eng'g Corp.*, 199 F.3d 140, 142 (1999) ("We conclude that § 1404(a) transfers may not be made simply by stipulation.").

In federal court, venue transfers are governed by 28 U.S.C. §§ 1404(a) and 1406(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Section 1404(a) governs transfer when "both the original and the requested venue are proper." *Id.* Under § 1404(a), a district court may for the convenience of the parties and witnesses and if it is in the interest of justice "transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented." *See* 28 U.S.C. § 1404(a). "Section 1406(a), on the other hand, applies where the original venue is improper." *Jumara*, 55 F.3d at 878. Under § 1406(a), the court may either dismiss the action or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Under this framework, we must first decide whether venue is proper in the Eastern District of Pennsylvania. The general venue statue contained in 28 U.S.C. § 1391 applies to Glime's claims. Section 1391(b) states:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a defendant is a company, as in this case with Defendant SVPOSS,

the company is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2). Because Pennsylvania has more than one judicial district, we treat the Eastern District of Pennsylvania as if it were its own state and analyze whether SVPOSS has sufficient contacts with the district that we could exercise personal jurisdiction over it. *Id.* § 1391(d); *see also Dellget v. Wolpoff & Abramson, L.L.P.*, Civil Action No. 07-1024, 2007 WL 4142769, at *2–3 (E.D. Pa. Nov. 21, 2007) ("[T]o determine if venue is proper in this Court, one must analyze whether, treating the Eastern District of Pennsylvania as though it were its own state, the Eastern District of Pennsylvania could exercise personal jurisdiction over [the defendant].").

## II.

Venue is not proper in the Eastern District of Pennsylvania for Glime's claims. Under § 1391(b), these claims are properly venued in any district where the defendant resides or where a "substantial part of the events and omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2).[1] The complaint alleges SVPOSS's primary place of business is in Lewisburg, Pennsylvania, in the Middle District of Pennsylvania. SVPOSS does not maintain a physical address in the Eastern District, and there is no allegation that it conducts any activities in this District that would subject it to personal jurisdiction here. In addition, although the complaint only alleges that Defendant Valentine is SVPOSS's "owner, manager and or otherwise an 'active decision maker,'" who can be personally served at the Dealer's address in Lewisburg, the Court takes judicial notice of the fact that Valentine is listed with the Pennsylvania Secretary of State as the owner of SVPOSS with a mailing address in Mifflinburg, Pennsylvania (in the Middle

---

[1] Because we find that the Middle District of Pennsylvania is an appropriate venue under § 1391(b)(1) and (2), we do not address § 1391(b)(3), which applies only when "there is no district in which the action may otherwise be brought."

District of Pennsylvania).  The complaint alleges that Plaintiff purchased the pickup truck in Lewisburg.  Because neither Defendant resides in this District, and Glime has alleged no facts that connect any of his claims to the Eastern District of Pennsylvania, venue is not proper in this Court under § 1391(b).

Because the Eastern District of Pennsylvania is not a proper venue, the Court must dismiss the complaint, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  In the interest of justice, the Court will grant Defendants unopposed request and transfer Glime's claims to the Middle District of Pennsylvania.

Therefore, the Court grants Defendants' Uncontested Motion for Change of Venue (Doc. No. 4).

An appropriate Order follows.