IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC GLIME, | No. 4:21-CV-01499 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SUSQUEHANNA VALLEY PRE-OWNED SALES & SERVICE and JUSTIN VALENTINE, | |
| Defendants. | |

**MEMORANDUM OPINION**

**DECEMBER 22, 2022**

### I. BACKGROUND

This dispute revolves around a vehicle purchased "as is" by Plaintiff Eric Glime in February 2021.[1] Glime's lawsuit stems from allegations involving discrepancies between the mileage listed in the purchase agreement for the sale of the vehicle, the vehicle's odometer, and the vehicle's title documentation. Specifically, Glime alleges that Defendants—an automobile dealership (Susquehanna Valley Pre-Owned Sales & Service, hereinafter "Dealership") and its employee (Justin Valentine)—violated 49 U.S.C. § 32719, committed a breach of contract, violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), and engaged in common law fraud.[2] Glime also alleges that

---

[1] Doc. 24 at p. 2.
[2] *See* Doc. 1.

Defendants forged his name via a power of attorney document to transfer title of the vehicle to Glime, and that the title he eventually received was fraudulent.[3] Defendants argue that Glime himself executed the power of attorney (which was prepared at a third party notary shop), and that Defendants were not involved in any forgeries or fraudulent activities related to the third party's transfer of the title to Glime.[4]

Discovery has concluded in this matter, and Glime moved for partial summary judgment (as to the UTPCPL, breach of contract, and common law fraud claims) on July 8, 2022.[5] That motion has been fully briefed and is ripe for disposition.[6]

## II.   LAW

The legal standard for summary judgment is well established. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose."[7] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from

---

[3] *Id*.
[4] Doc. 28 at pp. 1-4.
[5] Docs. 13, 24.
[6] Docs. 24, 25, 28, 29, 30.
[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[8] Fed. R. Civ. P. 56(a).

which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[9] "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[10] "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a *prima facie* case under applicable substantive law."[11]

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[12] Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[13] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[14] "The judge's inquiry, therefore, unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party

---

[9] *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) and *Celotex*, 477 U.S. at 322).
[10] *Clark*, 9 F.3d at 326.
[11] *Id.*
[12] *Liberty Lobby, Inc.*, 477 U.S. at 252.
[13] *Id.*
[14] *Id.*

producing it, upon whom the onus of proof is imposed.'"[15] The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[16] "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[17]

Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[18] For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (i) "citing to particular parts of materials in the record" that go beyond "mere allegations";

---

[15] *Id.* (*quoting Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).
[16] *Celotex*, 477 U.S. at 323 (internal quotations omitted).
[17] *Id.*
[18] *Liberty Lobby*, 477 U.S. at 250.

(ii) "showing that the materials cited do not establish the absence or presence of a genuine dispute"; or (iii) "showing . . . that an adverse party cannot produce admissible evidence to support the fact."[19]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"[20] Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[21] On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[22]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[23] "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[24] "If the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted."[25]

---

[19] Fed. R. Civ. P. 56(c)(1).
[20] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003) (Weis, J.).
[21] Fed. R. Civ. P. 56(e)(2).
[22] Fed. R. Civ. P. 56(c)(3).
[23] *Liberty Lobby*, 477 U.S. at 249.
[24] *Id*.
[25] *Id*. at 249-50 (internal citations omitted).

## III. ANALYSIS

Glime moved for partial summary judgment as to three of his four causes of action: (1) the claim brought under the UTPCPL; (2) the breach of contract claim; and (3) the common law fraud claim. The Court will analyze each claim using the summary judgment standard described above.

### A. Undisputed Facts

The parties agree on little, but they do agree on the facts set forth below. Glime responded to an advertisement for the purchase of a 2012 Dodge Ram truck with the Vehicle Identification Number 3C6LD5BTXCG113631.[26] Glime interacted with Defendant Valentine, the owner of the Dealership, and purchased the truck "as is" for $16,900 in a purchase and sale agreement dated February 23, 2021.[27] Upon signing that agreement, Glime took possession of the truck.[28] The parties dispute subsequent facts about the transfer and legitimacy of the vehicle's title and whether the vehicle was tendered to Glime in good faith.

### B. Unfair Trade Practices Consumer Protection Law Claim

The Unfair Trade Practices Consumer Protection Law ("UTPCPL") is Pennsylvania's consumer protection law, which seeks to prevent unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade of

---

[26] Doc. 29 at p. 1; Doc. 24 at p. 1.
[27] Doc. 24, Ex. A
[28] *Id.* at p. 2.

commerce.[29] A plaintiff bringing a claim under the UTPCPL's "catch-all" provision (as Glime does here) must demonstrate the following: (1) facts showing a deceptive act; (2) justifiable reliance, in other words that he justifiably bought the product in the first place because of the misrepresentation or deceptive conduct; and (3) an ascertainable loss caused by the justifiable reliance.[30]

Glime argues that Defendants violated the UTPCPL by selling the truck to Glime when Defendants did not possess title to the truck, by forging Glime's signature on the power of attorney document signed at the third party notary shop, and by making a number of other misrepresentations during the sale and title transfer process.[31] Defendants dispute these allegations, and the Court finds a genuine dispute as to a material fact relating to this claim.

Most importantly, the parties genuinely dispute whether Glime executed the power of attorney document at the third party notary service. Glime denies having signed the document and stated this in his deposition,[32] while Defendants attached to their opposition an affidavit of Susan A. Ostrowsky, an employee of the notary shop where Defendants allege Glime signed the document.[33] In her affidavit,

---

[29] *Richards v. Ameriprise Fin., Inc.*, 152 A.3d 1027, 1034 (Pa. Super. 2016).
[30] *See* 73 P.S. § 201-2(4)(xxi); *Farmerie v. John B. Kramer, Era Lechner & Assocs.*, No. 3527 of 2013, 2014 Pa. Dist. & Cnty. Dec. LEXIS 545, at *5 (Nov. 21, 2014) (internal citations and quotations omitted).
[31] *See* Doc. 25 at p. 5.
[32] Doc. 24 at pp. 3-6, Ex. A.
[33] *See* Doc. 28, Ex. C.

Ostrowsky stated: "[w]hile in my office, Eric Glime signed in my presence a Power of Attorney appointing Justin Valentine as Power of Attorney."[34]

Whether Glime executed the power of attorney document is material because it could alter the outcome of his UTPCPL claim, which is based on allegations that he never signed the document and that the subsequent title transfer was done fraudulently. The dispute is genuine because a rational person could find in either party's favor after weighing Mr. Glime's testimony and evidence against that set forth by Defendants. Indeed, the record in this case includes sufficient evidence that favors Defendants in order for a jury to return a verdict for Defendants. Therefore, Glime's motion for summary judgment as to the UTPCPL claim is denied.

C.   **Breach of Contract Claim**

In Pennsylvania, a plaintiff alleging breach of contract must generally establish three elements: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages.[35]

Glime argues that the parties entered into a sale agreement for the truck, and that a material term of the agreement was "furnishment of clear title to the truck."[36] Defendants argue that, due to the "floorplan" nature of their dealership model, they never represented to Glime that Defendants personally possessed title, but that they

---

[34] *Id*.
[35] *See Gorski v. Smith*, 812 A.2d 683 (Pa. Super. Ct. 2002) (citing *Corestates Bank v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).
[36] Doc. 25 at pp. 7-8, Ex. A.

would transfer title from the truck's owner to Glime—which they facilitated following Glime's execution of the power of attorney document.[37]

The parties genuinely dispute many aspects of the sale agreement, specifically (1) whether the agreement included a term whereby Defendants averred that they personally possessed the truck's title; (2) who was to furnish the title to Glime; and (3) when the title transfer was to take place. The agreement itself is devoid of any language that could resolve this dispute.[38] These facts—the terms of the agreement—are material because they speak to elements of this claim and could affect the outcome of the claim, *i.e.*, whether a factfinder would find that Defendants breached those terms.

The dispute is genuine because a rational person could find in either party's favor after weighing Mr. Glime's testimony and evidence, Defendants' evidence, and the language of the agreement itself. Again, the record in this case includes sufficient evidence favoring Defendants for a jury to return a verdict for Defendants. Therefore, Glime's motion for summary judgment as to the breach of contract claim is denied.

---

[37] Doc. 29 at p. 3
[38] *See* Doc. 25, Ex. A.

### D. Common Law Fraud Claim

In Pennsylvania, a fraud claim consists of six elements:

(1) a misrepresentation or a concealment; (2) which is material to the transaction at hand; (3) made with the knowledge of its falsity or recklessness as to whether it is true or false (for a misrepresentation), or calculated to deceive (for a concealment); (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) a resulting injury proximately caused by such reliance.[39]

To prevail, a fraud plaintiff must prove each of those elements by clear and convincing evidence.[40] Glime alleges that Defendants defrauded when they sold him a truck for which they did not actually possess title, and when they forged his signature on the power of attorney document.[41] Defendants argue that they did not falsify the title and that Glime did execute the power of attorney document.[42]

The Court has already established that the parties genuinely dispute the sale agreement's terms as to title transfer, and whether the power of attorney document was signed by Glime or forged by Valentine. As these facts are central to Glime's fraud claim, and because the Court has already established the existence of these factual disputes, Glime's motion for summary judgment as to the common law fraud claim is denied.

---

[39] *SodexoMAGIC, LLC v. Drexel University*, 24 F.4th 183, 205 (3d Cir. 2022) (citing *Gibbs v. Ernst*, 647 A.2d 882, 889 (1994); *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 545 (Pa. Super. Ct. 2005)).
[40] *Id.* (citing *Moser v. DeSetta*, 589 A.2d 679, 682 (1991); *Gerfin v. Colonial Smelting & Refin. Co.*, 97 A.2d 71, 71 (1953)).
[41] Doc. 25 at pp. 6-7.
[42] Doc. 29 at pp. 3-4.

## IV.   CONCLUSION

The Court denies Glime's motion for partial summary judgment. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
